**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30031
Summary Calendar

UNDRAY FORD, ET AL.,

Plaintiffs-Appellants,

versus

ARCADIAN CORPORATION,

Third-Party Plaintiff,

OLIN CORPORATION, ET AL.,

Third-Party Defendants,

versus

OLIN CORPORATION,

Counter-Claimant.

Appeals from the United States District Court
for the Western District of Louisiana
(92 CV 1713)

September 6, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants, the Plaintiff class (Plaintiffs) appeal the denial

---

[*] Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

of their motion for costs, attorneys' fees and sanctions against defendants Arcadian Corporation (Arcadian) and Ernie Elsbury (Elsbury). We affirm.

FACTS AND PROCEEDINGS BELOW

Plaintiffs originally filed suit in state court seeking to recover for damages allegedly resulting from the July 28, 1992 failure of a urea reactor vessel at Arcadian's fertilizer factory. Arcadian and Elsbury removed the case to federal court, contending that Elsbury and another defendant, Paul Moore (Moore) were fraudulently joined so as to defeat federal diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Plaintiffs filed a motion to remand, which the district court denied. Plaintiffs reurged the motion, and sought to submit additional evidence, which was also denied. The district court then *sua sponte* granted summary judgment in favor of Elsbury and Moore. On appeal from that order, this Court held that the district court erred in refusing to consider the additional evidence proffered by Plaintiffs, and that the evidence "at least raises the possibility that [Plaintiffs] could succeed in establishing a claim against Elsbury under Louisiana law." *Ford v. Elsbury*, 32 F.2d 931, 939 (5th Cir. 1994). We reversed the summary judgment as to Elsbury, and remanded the case to the district court with instructions to remand the case to state court.

On remand, Plaintiffs filed a motion for attorney's fees, costs and sanctions under Federal Rules of Civil Procedure 11(c)

2

(false statements in document signed by party or attorney) and 56(g) (false statements made in affidavit submitted to support motion for summary judgment) and 28 U.S.C. § 1447(c) (improper removal of action from state court), based on their contention that the affidavit of Elsbury, which was submitted in opposition to the Plaintiffs' motion to remand was misleading, untrue and uncandid, could not have been submitted after reasonable inquiry, was submitted as a delay tactic, and had no evidentiary support. The district court denied the motion and Plaintiffs appealed.

DISCUSSION

We review the district court's order for abuse of discretion. *See Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993) (award of costs and attorney's fees under 28 U.S.C. § 1447(c) is an exercise of district court discretion); *Davis v. Veslan Enterprises*, 765 F.2d 494, 498 (5th Cir. 1985) (denial of sanctions under Rule 11 is reviewed for abuse of discretion); *Kelly v. Leesville,* 897 F.2d 172, 176 (5th Cir. 1990) (provisions of Rule 56(g) analogous to Rule 11).

Plaintiffs' position is based on the premise that Elsbury's denial of knowledge of a leak in the urea reactor in his March 1993 affidavit, submitted in response to Plaintiffs' motion to remand, was not true. Elsbury continues to stand by the statements made in that affidavit, and attacks the reliability of Plaintiffs' contrary evidence. The record on appeal reveals that Plaintiff has established a disputed issue of fact on this question. The district court's denial of attorneys' fees and costs in the face of

this factual dispute is not an abuse of discretion.

AFFIRMED.